IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE KEGLOVITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 11 C 2784 |
| v. | ) | |
| | ) | Judge John A. Nordberg |
| COOK COUNTY, ILLINOIS, a body politic; | ) | |
| CLERK OF THE CIRCUIT COURT OF COOK | ) | |
| COUNTY, ILLINOIS; ARTEZ JACKSON, | ) | |
| PHYLLIS REDDING, individually and as agents | ) | |
| of the Clerk of the Circuit Court | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

      In 2009, plaintiff Katherine Keglovitz was working for the Clerk of the Circuit Court as a cashier at the Rolling Meadows courthouse. On May 7th, plaintiff's supervisor, Hatal Patel, called a meeting of plaintiff's unit. At this meeting, two co-workers confronted plaintiff about some matter (neither side reveals the substance of the dispute) and made several inappropriate remarks to plaintiff. Specifically, defendant Artez Jackson called plaintiff a "trouble maker" and "an 80 year old psycho bitch who should be on medication." Defendant Phyllis Redding called plaintiff "a lying bitch." The two also allegedly made threatening gestures by pointing a finger within six inches of plaintiff's face (Jackson) and by raising a hand above plaintiff threatening to slap her (Redding). The verbal assault, which plaintiff describes as yelling, allegedly lasted 15 minutes and was enough to attract a crowd of coworker onlookers. Plaintiff is upset that Patel did not stop the verbal assault and that she denied plaintiff's request for union representation. After the meeting, plaintiff went to a stairwell where she broke down and cried for 15 minutes.

      Five days later, plaintiff's employer held a meeting to discuss what happened and moved her desk so as to lessen her contact with Jackson and Redding, a move which plaintiff did not object to. Still, according to plaintiff, these two coworkers would approach her (about twice a week) and tell her she should be gone and did not belong at this job. The Clerk's Labor Relations Office conducted an investigation and concluded that Jackson and Redding made inappropriate and unacceptable statements during the May 7th meeting and therefore issued them a written warning.

      In June 2009, Dorothy Brown, the Clerk of the Circuit Court, personally called plaintiff and said: "I heard what happened to you. I am very, very, sorry." She told plaintiff that the Clerk's

-1-

office does not allow any type of harassment or discrimination. Also in June 2009, plaintiff was asked by management if she would feel more comfortable changing her work location to her choice of any other Court Clerk sites. Plaintiff said she would like to be transferred to the courthouse in Skokie, and her request was immediately granted. She still works there today receiving the same pay and benefits as before.

Plaintiff asserts four claims. Count I is a Title VII sex discrimination claim. Count II is an age discrimination claim under the Age Discrimination in Employment Act. The remaining two claims are pendent state law claims. Count III is a claim for intentional infliction of emotional distress, and Count IV is claim for statutory indemnification.

Before the Court is defendants' motion for summary judgment. Defendants acknowledge that Jackson and Redding made the comments at the May 7th meeting and that these comments were inappropriate. However, defendants argue that plaintiff's discrimination claims fail because the remarks were made by coworkers and not a supervisor, because her employer took appropriate corrective action, and because plaintiff never suffered a material adverse employment action.

Without addressing the first two arguments, we find that summary judgment should be granted on Counts I and II based on the latter argument. It is a threshold requirement for both discrimination claims. *Andrews v. CBOCS West, Inc.*, __ F.3d __, 2014 WL 575893, *4 (7th Cir. Feb. 14 2014) ("[Plaintiff's] case fails at the threshold. An element common to all of her [federal discrimination] claims, and to both methods of proof, is that she must have suffered a materially adverse employment action.") The most obvious example of an adverse action is being fired, but other actions include a demotion with a decrease in salary or a significant reduction in responsibilities. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013). However, the Seventh Circuit has stated that a "purely lateral transfer" (*i.e.* one that "does not involve a demotion in form or substance") is not a materially adverse employment action. *Id.* at 634 (*quoting Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996)).

Here, plaintiff cannot meet this basic threshold requirement. She was not fired; she lost no pay; and she voluntarily agreed to work at a different courthouse where she was paid at the same grade and benefits as before. This was at best a purely lateral transfer. But here, the transfer was optional, made only after plaintiff agreed and even chose which location she would work at. In her response brief, plaintiff only briefly addresses this argument by stating that she suffered anxiety and extreme stress from the comments. But she has cited to no case recognizing that such stress, when created by coworkers, constitutes a material adverse action by her employer. *See generally Gul-E-Rana Mirza v. The Nieman Marcus Group, Inc.*, 649 F.Supp.2d 837, 858 (N.D. Ill. 2009) ("the existence of a materially adverse employment action is based on the objective conduct of the employer rather than the subjective, psychic response of the employee") (relying on Seventh Circuit cases). For these reasons, plaintiff has failed to raise a genuine issue of fact that there was any material adverse action.

In sum, we grant defendants' motion for summary judgment [#40] as to counts I and II of plaintiff's amended complaint. Having dismissed the federal claims, which serve as the basis for federal jurisdiction, this Court finds no basis for exercising supplemental jurisdiction over the remaining two pendent state-law claims and hereby dismisses those claims without prejudice. *See Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012) ("We review the district court's decision not to exercise supplemental jurisdiction for abuse of discretion.").

**ENTER:**

_____
**JOHN A. NORDBERG**
**Senior United States District Court Judge**


**DATED:** March 17, 2014